UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

CIVIL ACTION NO. 09-58-GWU

CLARINE STEPHENS,                                                             PLAINTIFF,

VS.                                    **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

## INTRODUCTION

Clarine Stephens brought this action to obtain judicial review of an unfavorable administrative decision on her application for Disability Insurance Benefits.  The case is before the court on cross-motions for summary judgment.

## APPLICABLE LAW

The Commissioner is required to follow a five-step sequential evaluation process in assessing whether a claimant is disabled.

1. Is the claimant currently engaged in substantial gainful activity?  If so, the claimant is not disabled and the claim is denied.

2. If the claimant is not currently engaged in substantial gainful activity, does he have any "severe" impairment or combination of impairments--i.e., any impairments significantly limiting his physical or mental ability to do basic work activities?  If not, a finding of non-disability is made and the claim is denied.

3. The third step requires the Commissioner to determine whether the claimant's severe impairment(s) or combination of impairments meets or equals in severity an impairment listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listing of

1

        Impairments). If so, disability is conclusively presumed and benefits are awarded.

4. At the fourth step the Commissioner must determine whether the claimant retains the residual functional capacity to perform the physical and mental demands of his past relevant work. If so, the claimant is not disabled and the claim is denied. If the plaintiff carries this burden, a prima facie case of disability is established.

5. If the plaintiff has carried his burden of proof through the first four steps, at the fifth step the burden shifts to the Commissioner to show that the claimant can perform any other substantial gainful activity which exists in the national economy, considering his residual functional capacity, age, education, and past work experience.

20 C.F.R. §§ 404.1520; 416.920; Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984); Walters v. Commissioner of Social Security, 127 F.3d 525, 531 (6th Cir. 1997).

Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence. Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir. 1991). This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Garner, 745 F.2d at 387.

One of the issues with the administrative decision may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician

than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Cf. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987). These have long been well-settled principles within the Circuit. Jones, 945 F.2d at 1370.

Another issue concerns the effect of proof that an impairment may be remedied by treatment. The Sixth Circuit has held that such an impairment will not serve as a basis for the ultimate finding of disability. Harris v. Secretary of Health and Human Services, 756 F.2d 431, 436 n.2 (6th Cir. 1984). However, the same result does not follow if the record is devoid of any evidence that the plaintiff would have regained his residual capacity for work if he had followed his doctor's instructions to do something or if the instructions were merely recommendations. Id. Accord, Johnson v. Secretary of Health and Human Services, 794 F.2d 1106, 1113 (6th Cir. 1986).

In reviewing the record, the court must work with the medical evidence before it, despite the plaintiff's claims that he was unable to afford extensive medical work-

ups. Gooch v. Secretary of Health and Human Services, 833 F.2d 589, 592 (6th Cir. 1987). Further, a failure to seek treatment for a period of time may be a factor to be considered against the plaintiff, Hale v. Secretary of Health and Human Services, 816 F.2d 1078, 1082 (6th Cir. 1987), unless a claimant simply has no way to afford or obtain treatment to remedy his condition, McKnight v. Sullivan, 927 F.2d 241, 242 (6th Cir. 1990).

Additional information concerning the specific steps in the test is in order.

Step four refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074, 1076 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work. Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983). However, both 20 C.F.R. § 416.965(a) and 20 C.F.R. § 404.1563 provide that an individual with only off-and-on work experience is considered to have had no work experience at all. Thus, jobs held for only a brief tenure may not form the basis of the Commissioner's decision that the plaintiff has not made out its case. Id. at 1053.

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the

ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. § 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. § 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional

5

impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. <u>Ibid</u>. In such cases, the agency may be required to consult a vocational specialist. <u>Damron v. Secretary</u>, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Stephens, a 47-year-old former cashier, cook, glass inspector, supervisor and production helper with a "limited" education, suffered from impairments related to depression and lumbar degenerative disc disease. (Tr. 13, 20). While the plaintiff was found to be unable to return to her past relevant work, the ALJ determined that she retained the residual functional capacity to perform a restricted range of sedentary level work. (Tr. 17, 20). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally

disabled. (Tr. 20-21). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 20).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The ALJ determined that Stephens retained the residual functional capacity to perform sedentary level work, restricted from a full range by such non-exertional restrictions as (1) an inability to ever climb ladders, ropes or scaffolds; (2) an inability to more than occasionally stoop, bend, crouch, balance or climb ramps and stairs; (3) a need for a sit/stand option in 30 minute intervals; (4) an inability to perform more than simple, one- to two-step instructions in object-focused work settings with only occasional changes in work settings or routine; and (5) a need to avoid highly stressful, quota or production rate work. (Tr. 17). These restrictions were presented to Vocational Expert William Ellis in a hypothetical question. (Tr. 57). In response, Ellis identified a significant number of jobs which could still be performed. (Id.). Therefore, assuming that the vocational factors considered by the vocational expert fairly characterized Stephens's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned finds no error. Dr. Martin Fritzhand, an examining

consultant, reported a diagnostic impression of chronic low back pain.  (Tr. 250). Dr. Fritzhand indicated that Stephens could sit for five to six hours in one to two hour intervals and stand or walk for four to five hours in 30 minute to one hour intervals.  (Tr. 251).  The plaintiff was restricted from lifting more than 50 pounds occasionally and 10 to 20 pounds on an occasional basis.  (Id.).  Bending, squatting, and climbing were limited to occasional performance. (Id.). The physical restrictions found by the ALJ were compatible with this opinion.

Dr. Timothy Gregg reviewed the record and opined that Stephens would be limited to medium level work.  (Tr. 221-228).  The ALJ's findings are also consistent with this opinion.

Dr. Amr El-Naggar saw Stephens in November of 2007.[1]  Dr. El-Naggar noted that her most recent MRI scan of the lumbar spine in May of 2006 revealed annular rents and disc desiccation at L4-L5 and L5-S1.  (Tr. 266).  The plaintiff was neurologically intact upon physical examination.  (Id.).  The doctor indicated that he would like to obtain another MRI scan and, depending upon the results, might recommend surgery.  (Id.).  Dr. El-Naggar did not impose any functional limitations upon the claimant.  Thus, this opinion also is consistent with the administrative decision.

---

[1] Dr. El-Naggar had previously examined the plaintiff in September of 2001.  (Tr. 171-173).  This was well before her alleged onset date of May 11, 2006.  (Tr. 103).

09-58 Clarine Stephens

Dr. Gregory Sherry, a treating source, opined in October of 2006 (Tr. 194) and again in October of 2007 (Tr. 265) that Stephens was totally disabled.[2]  In December of 2006, Dr. Sherry completed a Functional Capacities Assessment Form upon which he identified a number of very severe physical restrictions, indicating an inability to sit for more than an hour, stand for more than an hour and walk for more than two hours.  (Tr. 243).  When these restrictions were presented to the vocational expert, he indicated that no jobs could be performed.  (Tr. 58-59).  Stephens argues that this evidence supports her claim of total disability.

The ALJ properly rejected Dr. Sherry's opinion as binding.  With regard to the doctor's opinions of total disability, the ALJ noted that this was a conclusion left to the Commissioner under the federal regulations at 20 C.F.R. § 404.1527(e)(1)-(3) and, so, not binding. (Tr. 19).  The court agrees with this finding.  With regard to the doctor's specific functional limitations, the ALJ noted a number of reasons why these restrictions should be rejected, including the fact that the doctor cited no clinical findings in support of his opinion and the lack of objective findings beyond lumbar muscle tenderness both in Dr. Sherry's treatment notes and those of Dr. El-Naggar.  (Id.).  Therefore, the ALJ properly rejected this opinion.

---

[2] In November of 2006, Dr. Sherry thought that the claimant was totally disabled on a temporary basis.  (Tr. 220).

9

09-58  Clarine Stephens

The ALJ also dealt properly with the evidence of record relating to Stephens's mental condition. Psychologist Ilze Sillers, a non-examining medical reviewer, opined that the plaintiff's mental problems did not constitute a "severe" impairment. (Tr. 229). No treating or examining source of record identified the existence of more severe mental limitations than those found by the ALJ. Therefore, substantial evidence supports this portion of the administrative decision.

Stephens argues that the ALJ did not properly evaluate her subjective pain complaints. Pain complaints are to be evaluated under the standards announced in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir. 1986): there must be evidence of an underlying medical condition and (1) there must be objective medical evidence to confirm the severity of the alleged pain arising from the condition or (2) the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged pain.

In the present action, Stephens was found to be suffering from a potentially painful condition. However, even if she could be found to have satisfied the first prong of the so-called Duncan test, the claimant does not meet either of the alternative second prongs. In assessing the plaintiff's pain complaints, the ALJ noted a history of low back pain dating to September of 2001, but she did not leave work until her employer went out of business in 2003. (Tr. 18, 171). The record revealed a short hospitalization at Lake Cumberland Regional Medical Center

following a minor automobile accident. (Tr. 18, 174-175). Stephens sought treatment from Dr. Sherry only in three- to five-month intervals. (Tr. 18, 255-264). Dr. Sherry's treatment notes did not record abnormal range of motion findings or neurological compromise or disc herniation. (Tr. 18). The ALJ further noted that the lumbar MRI scans of 2001 and 2006 did not show nerve root compromise. (Tr. 18, 173, 175). Finally, the ALJ indicated that while Dr. El-Naggar stated that surgery was required, the doctor also reported a need to obtain an updated MRI scan before proceeding. (Tr. 18-19, 266). Therefore, the medical evidence does not appear sufficient to confirm the severity of the alleged pain and objective medical evidence would not appear to be consistent with the plaintiff's claims of disabling pain. Therefore, the ALJ would appear to have properly evaluated Stephens's pain complaints.

Stephens submitted additional medical records directly to the Appeals Council which were never seen by the ALJ. (Tr. 101-102, 270-271). This action raises an issue concerning a remand for the taking of new evidence before the Commissioner. Cotton v. Sullivan, 2 F.3d 692 (6th Cir. 1993). A court may order additional evidence be taken before the Commissioner, " . . . but only upon a showing that there is new evidence to be taken which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g). The statute provides that a claimant must

09-58  Clarine Stephens

prove that the additional evidence is both "material" and that "good cause" existed for its not having been submitted at an earlier proceeding. <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 710 (6th Cir. 1988).  In the present action, the plaintiff has failed to meet her burden of proof by adducing arguments as to why such a remand is required.

The undersigned concludes that the administrative decision should be affirmed.  Therefore, the court must grant the defendant's summary judgment motion and deny that of the plaintiff.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 19th day of November, 2009.

Signed By:

<u>G. Wix Unthank</u>

**United States Senior Judge**